IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN THE MATTER OF THE SEARCH OF:    )
                                   )    Magistrate No. 06-122 M
Jelani Solomon, a black male       )    UNDER SEAL
DOB 3/22/79                        )

**MEMORANDUM ORDER**

Presently before the Court is an APPEAL TO DISTRICT COURT FROM ORDER DENYING MOTION TO QUASH SEARCH WARRANT (*Sealed Document No. 12*) and the Government's Response *(Sealed Document No. 13)*. For the reasons that follow, the Court will affirm the Memorandum and Order of the Magistrate Judge filed on April 14, 2006.

On April 4, 2006, the government obtained a search warrant for the blood and saliva of Jelani Solomon, which warrant was to expire on April 14, 2006. Arrangements to execute the search warrant were made between Assistant United States Attorney Tina O. Miller and Martin Dietz, one of the attorneys for Jelani Solomon.

On April 12, 2006, a Motion to Quash Search Warrant was filed on behalf of Jelani Solomon, in which he argued that execution of the Search Warrant would violate his constitutional rights against unreasonable searches and seizures and it would violate his rights to due process of law, *to wit:*

> "a.   there exists a less intrusive means of obtaining the DNA of Mr. Solomon in that Mr. Solomon has previously provided a sample of his blood to the Commonwealth of Pennsylvania Bureau of Prisons . . . .
>
> b.   with respect to Mr. Solomon, there exists a real mental anxiety because there still remains a scar on Mr. Solomon's arm from the last time his blood vessels were punctured for the purposes of obtaining a blood sample. . . .
>
> c.   the Application and Affidavit of Search Warrant and Criminal Complaint that has been filed, . . ., does not contain the requisite probable cause; and

>   d.   the government is on a fishing expedition that should not be ratified in a search of this nature."

Appeal, at 4.

On April 14, 2006, United States Magistrate Judge Lisa Pupo Lenihan issued a Memorandum and Order in which she denied the Motion to Quash and specifically rejected each of the arguments raised by the Defendant. *See* Memorandum filed April 14, 2006. Counsel for the Defendant advised that he intended to appeal the Order issued by the Magistrate Judge; accordingly, the search warrant was not executed and it expired on April 14, 2006.

On April 18, 2006, the instant Appeal was filed. Although the search warrant has expired, all counsel argue that the issue is not moot and they request that the Court rule on the instant Appeal.

The United States Supreme Court has instructed that federal courts are not empowered " 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in the issue in the case before [them].'" *Church of Scientology v. United States,* 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). The Court explained that if an event occurs during the pendency of an appeal which makes it impossible for the court to render the prevailing party "any effectual relief whatever," the appeal must be dismissed as moot. *Id.*

However, the Supreme Court noted that if there is some means by which the court can effectuate even a "partial remedy," the case remains a live controversy. *Id.* at 13.

Defendant has not addressed the issue of whether this Appeal is moot, however, the Court notes that Defendant filed the Appeal <u>after</u> the Search Warrant expired. The government, on the other hand, has addressed the issue of mootness and argues that the issues presented by

Defendant are <u>not</u> moot because the government intends to obtain another search warrant should this Court affirm the Memorandum and Order of the Magistrate Judge.

Initially, the Court notes that this may be an issue of first impression - Defendant has not invoked, nor has the Court through independent research found, any authority or procedural mechanism to challenge a search warrant <u>before</u> its execution. Typically, search warrants are obtained *ex parte* and generally without prior notice; therefore, the traditional vehicle for challenging a search warrant is through a motion to suppress after the warrant has been executed. *See* Fed. R. Crim. P. 41(h), Fed. R. Crim. P. 12(b)(3)(C).  Here, Defendant received prior notice of the Search Warrant and now seeks to quash the Search Warrant.

Although not four square with the instant situation, the Court finds guidance in a recently issued opinion by the Court of Appeals for the Third Circuit, *In Re: Grand Jury Investigation, No. 06-1474*, slip opinion, -- F.3d ---, 2006 WL 1044212 (3d Cir. April 21, 2006).  In that case, our appellate court addressed the issue of whether an appeal was moot because testimony and documents requested in a challenged grand jury subpoena already had been produced.  The appellate court relied upon the language in *Scientology* and held that (i) "the case [was] not moot, at least insofar as the documents [were] concerned" because an order could be issued directing the grand jury to return the documents; and (ii) insofar as the testimony, "the potential availability of a future-use injunction means that the issue is not moot."

Especially important to the issue sub judice, the appellate court stated that "no subpoena case is moot as long as the court can provide redress by sealing documents or testimony against future use." *In Re Grand Jury*, slip opinion at 10 (quoting *Office of Thrift*

3

*Supervision, Dep't of Treasury v. Dobbs*, 931 F.3d 956 (D.C. Cir. 1991)).  Ultimately, the appellate court found that the potential availability of a future-use injunction "means that the issue is not moot."

Following the guidance of the United States Supreme Court and our appellate court, this Court finds that the issue framed in the current appeal is not moot and, therefore, will address the merits of the appeal.

As stated above, Defendant seeks to quash the Search Warrant "because execution of the search warrant would violate Mr. Solomon's constitutional rights against unreasonable searches and seizures and would violate his rights to due process of law . . . ."  Appeal at 4.  Magistrate Judge Lenihan specifically addressed each of Defendant's arguments and found each to be without merit.

As Magistrate Judge Lenihan aptly noted, "[t]aking blood samples is widely used and equally approved by the courts.  *See United States v. Williams*, 2004 WL 1472794 (E.D. Pa. 2004)."  Memorandum at 4.  Further, Magistrate Judge Lenihan found "Defendant's argument that he has a mental anxiety resulting from scarring from the last blood draw to be spurious."  *Id.*

Further, the magistrate judge found that another Magistrate Judge had "previously reviewed the affidavit and by signing the search warrant, indicated a finding that probable cause existed.  [Magistrate Judge Lenihan] would have reached the same conclusion."  Lastly, the magistrate judge found that there was no evidence of a "fishing expedition" by the government "as the affidavit in support of the warrant alleges a number of reasons to believe that the Defendant may be linked to a crucial piece of evidence."  *Id.*

This Court agrees with the decision and reasoning of Magistrate Judge Lenihan and, therefore, adopts and incorporates said Memorandum and holding as the opinion of this Court.

**AND NOW**, this 1st day of May, 2006, it is **ORDERED** that the APPEAL TO DISTRICT COURT FROM ORDER DENYING MOTION TO QUASH SEARCH WARRANT is **DENIED** and the April 14, 2006 Order of Magistrate Judge Lenihan is **AFFIRMED.**

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:     Martin A. Dietz , Esquire
        Email: MDietzEsq@aol.com

        Robert E. Stewart, Esquire
        Email: restjs@msn.com

        Leo M. Dillon,
        Assistant United States Attorney
        Email: Leo.Dillon@usdoj.gov

        Tina O. Miller,
        Assistant United States Attorney
        Email: tina.o.miller@usdoj.gov